# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CODY FAIN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **4:14-cv-00787-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **ACTING COMMISSIONER OF** ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Cody Fain brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the adverse decision of the Administrative Law Judge ("ALJ"), which has become the final decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons stated below, by failing to consider the opinion of Fain's treating physician, Dr. E. V. Colvin, the ALJ failed to apply proper legal standards when considering Fain's claim. Therefore, the Commissioner's decision is remanded for further proceedings consistent with this opinion.

## I. Procedural History

Fain filed his application for Title XVI Supplemental Security Income,[1] (R. 125-131), on January 26, 2011, alleging a disability onset date of January 5, 2004, (R. 125), due to a heart condition, back problems, three open heart surgeries, and "both ears cut off," (R. 155). After the SSA denied his application on May 26, 2011, (R. 56–60), Fain requested a hearing, (R. 65–67). At the time of the hearing on September 10, 2012, Fain was twenty years old and had an eleventh-grade education. (R. 35). Although the record indicates Fain performed some work for his family's logging business, *id*., the ALJ determined that Fain had no past relevant work, (R. 24, 46). Fain has not engaged in substantial gainful activity since January 26, 2011, his application date. (R. 14).

The ALJ denied Fain's claim on November 19, 2012, (R. 15–29), which became the final decision of the Commissioner when the Appeals Council refused to grant review on March 11, 2014, (R. 1–6). Fain then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

---

[1] Fain also filed an application for Title II Disability Insurance Benefits, but does not appear to have pursued an appeal related to that application. The ALJ explicitly only considered Fain's appeal of the denial of his Title XVI Supplemental Social Security Income application. (R. 18).

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.

*See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

> (5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[2]

*Id*.  However, medical evidence of pain itself, or of its intensity, is not required:

---

[2] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.* See 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not

supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV. The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Fain had not engaged in substantial gainful activity since the date of his application, and therefore met Step One. (R. 20). Next, the ALJ acknowledged that Fain's severe impairments of history of congital heart defect with moderate heart valve insufficiency, bilateral conductive hearing loss and history of right shoulder injury met Step Two. *Id*. The ALJ then proceeded to the next step and found that Fain did not satisfy Step Three since he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." *Id*. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where he determined that Fain "has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that [Fain] can perform sedentary unskilled work with no use of telephones or telephone like equipment." (R. 21). Lastly, in Step Five, the ALJ considered Fain's age, education, work experience, and RFC, and determined, based on the Medical Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2,

section 201.24 and on the testimony of a vocational expert ("VE"), that "there are jobs that exist in significant numbers in the national economy that [Fain] can perform." (R. 24). Because the ALJ answered Step Five in the negative, he determined that Fain was not disabled. (R. 25).

**V. Analysis**

Fain contends his claim is due to be remanded on seven different grounds. Six of these contentions lack merit, but the ALJ's failure to consider Dr. Colvin's opinion is a legal error that requires the court to remand this matter. The court will discuss this error before briefly explaining why Fain's other arguments fall short.

### A. The ALJ erred by failing to consider the opinion of Dr. Colvin, Fain's treating physician.

The record contains the following statement from Dr. Colvin, Fain's treating physician: "I strongly support [Fain's] application for disability since he has very significant heart disease that has gone through palliation but will require careful long term follow up and further surgical procedures." (R. 338). The ALJ's opinion contains no mention of this statement, which, viewed in a light most favorable to Fain, is an opinion that Fain is disabled. The Commissioner more or less concedes that the ALJ erred by failing to consider this statement. *See* doc. 12 at 11 (citing SSR 96-5p) ("Even though it is not a medical opinion, the ALJ was required to

consider Dr. Colvin's statement."). The Commissioner seems to contend that this error was harmless, however, because "[a]lthough the ALJ did not explicitly discuss Dr. Colvin's statement in his decision, he was definitely aware of the statement because [Fain's] attorney directed his attention to it at the administrative hearing," *id*. (citing (R. 33–34), and "the ALJ cited evidence in his decision, including the substantial evidence discussed above, that was inconsistent with a finding that [Fain] was disabled, and therefore the ALJ adequately addressed Dr. Colvin's naked assertion that [Fain] was disabled," *id*. (internal citations omitted). The Commissioner's first argument is pure speculation. Her second argument relies on an overly narrow reading of the regulations. In support of her argument, the Commissioner cites to SSR 96-5p as standing for the premise that "when a statement from a medical source asserting the claimant is disabled is in the record, the ALJ 'must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.'" *Id*. (quoting SSR 96-5p). However, in its entirety, the relevant portion of SSR 96-5p reads as follows:

> [O]pinions from any medical source on issues reserved to the Commissioner *must never be ignored.* The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, *including opinions from medical sources about issues reserved to the Commissioner.* If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case

> record to determine the extent to which the opinion is supported by the record.

SSR 96-5p (emphasis added). Moreover, as to opinions from medical sources stating that an applicant for benefits is disabled, SSR 96-5p states that:

> Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. *Such opinions on these issues must not be disregarded*. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance.

*Id.* In sum, the regulations are clear that while the ALJ was free to discredit Dr. Colvin's opinion, he was not free to ignore Dr. Colvin outright, and his determination that Fain is not disabled does not excuse this error. Moreover, the court cannot say the ALJ's failure to consider Dr. Colvin's opinion was harmless. *See Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) ("[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."). While the ALJ was free to afford no weight to Dr. Colvin's opinion, he also could have found the opinion of Fain's long-time treating physician persuasive. Consequently, the court "cannot say the error was harmless without re-weighing the evidence. To do so would call for conjecture that invades the province of the ALJ." *Id*. (citing

*Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005).

Fain contends that because the ALJ failed to consider Dr. Colvin's opinion, the court must accept it as true. Doc. 10 at 28 (citing *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986)). In *MacGregor*, the Eleventh Circuit held that when the Commissioner fails to explicitly discredit the opinion testimony of a treating physician and give reasons for that decision, the Commissioner has accepted the treating physician's testimony as true. *Id.* at 1054. However, the court declines to enter an order remanding this case with instructions to enter a finding of disability based on Dr. Colvin's opinion because, as the Commissioner notes, two Eleventh Circuit panels have rejected the accepted-as-true doctrine as a violation of the prior precedent rule, albeit in unpublished opinions. *See Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 833 n. 1 (11th Cir. 2011);³ *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 835 (11th Cir. 2011).⁴ Moreover, because Dr. Colvin's opinion

---

  ³         Davis argues that, under *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir.1986), we should accept Dr. Mallary's opinion as true. However, in *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir.1982), we remanded the case for further factual findings because the ALJ failed to explain the weight it gave to the treating physician's opinion. Because Wiggins was decided before MacGregor, it is that case, not MacGregor, that is controlling. See *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir.2000) (explaining that where two of our panel decisions are in conflict, the earliest in time controls).

*Davis*, 449 F. App'x at 833 n. 1.

  ⁴         Because the ALJ failed to adequately explain the weight he afforded to the opinions of some of Lawton's treating and examining physicians, we will reverse

that Fain is disabled is not a medical opinion, but rather an opinion on an issue reserved to the Commissioner, which is not entitled to any deference, it appears to the court that accepting it as true and basing a finding of disability on it would run contrary to the regulations. Consequently, the court finds that the proper action here is to remand this matter for proceedings consistent with this opinion.

The court acknowledges that it is essentially remanding this case on a technicality, because, as it will explain further below, substantial evidence supports the ALJ's conclusion that Fain is not disabled. However, this court is tasked with determining whether substantial evidence supports the ALJ's decision *and* whether ALJ applied proper legal standards in reaching that conclusion.

---

and remand the case so that the ALJ can explicitly consider, and can explain the weight accorded to, those opinions. *See Winschel v. Comm'r*, 631 F.3d 1176, 1179 (11th Cir. 2011). Lawton argues that, due to the ALJ's failure to explain the weight he afforded to the opinions of Lawton's treating physicians, the proper remedy is an award of benefits, and not a remand. There is language in *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986), for the proposition that, if an ALJ fails clearly to articulate reasons for discounting the opinion of a treating physician, that evidence must be accepted as true as a matter of law. However, our earlier decisions had remanded cases to the agency when there was a failure to provide an adequate credibility determination. *See, e.g.*, Owens [*v. Heckler*], 748 F.2d [1511,] 1516 [(11th Cir. 1984)]; *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982). Pursuant to the prior precedent rule, we are bound by the holding of the first panel to address an issue of law, unless and until it is overruled by this Court sitting en banc or the Supreme Court. *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc ). Accordingly, rather than broadly accept the doctors' opinions as true, we will remand to the agency so that it can make a determination in the first instance of the proper weight to be afforded to those opinions.

*Lawton*, 431 F. App'x at 834.

*Lamb,* 847 F.2d at 701. Because the ALJ's failure to consider Dr. Colvin's opinion clearly violated legal standards, the court has no choice but to remand this matter.

The court will now briefly discuss why Fain's other arguments for remand or reversal lack merit. Initially, however, the court notes that Fain contends the ALJ improperly drew adverse inferences from his lack of medical treatment. Doc. 23–25. Nothing in the ALJ's opinion supports this contention, and consequently, it lacks merit.

B. The ALJ did not err by failing to consider all of Fain's severe impairments.

Fain contends that the ALJ erred by failing to consider Fain's fatigue and low back pain as severe impairments. Doc. 10 at 14. This contention fails because "the finding of *any* severe impairment . . . is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (emphasis added). In other words, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984)). Consequently, the ALJ did not err by failing to consider Fain's fatigue and low back pain as severe impairments because he found Fain's history of heart defect with moderate heart valve insufficiency, bilateral

conductive hearing loss, and history of right shoulder injury were severe impairments. (R. 20). To extent that Fain contends that the ALJ erred by failing to consider his fatigue and low back pain at all, this contention lacks merit because the ALJ specifically discussed both conditions. (R. 22, 23).

### C. The ALJ did not err by failing to consider the combined effect of Fain's impairments.

Fain contends the ALJ erred by failing to consider the combined effect of all of Fain's impairments. Doc. 10 at 17. "It is established that the ALJ must consider the combined effects of a claimant's impairments in determining whether she is disabled." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1006 (11th Cir. 1986)). It is unclear whether Fain is contending that the ALJ erred by failing to consider the combined effect of all of Fain's impairments when determining whether Fain has an impairment or combination of impairments that meets a listed impairment (i.e. at Step Three) or when determining Fain's RFC (i.e. at Step Four). In any event, at Step Three, the ALJ stated that he "considered all of the claimant's impairments individually and in combination," (R. 20), and at Step Four, that he had made a "careful consideration of the entire record" and had "considered all [Fain's] symptoms," (R. 21). These statements are sufficient evidence that the ALJ considered the

combined effects of Fain's impairments. *See Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (stating that an ALJ can satisfy his duty to consider a claimant's impairments in combination by stating that he considered whether the claimant suffered from any impairment or combination of impairments).

### D. The ALJ did not err by failing to state adequate reasons for finding Fain not fully credible.

Fain contends that the ALJ failed to state adequate reasons for discrediting Fain's account of his subjective symptoms. An ALJ must "explicit[ly] articulat[e] . . . the reasons justifying a decision to discredit a claimant's subjective pain testimony," *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)), and those reasons must be based on substantial evidence, *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Here, the ALJ discredited Fain's testimony about his subjective symptoms because it was inconsistent with the medical record and Fain's own account of his daily activities. (R. 23). These findings are supported by substantial evidence, namely the medical findings of consulting physician Dr. Henry Born, (R. 305–10), and Fain's testimony at the hearing before the ALJ, (R. 30–50), and self-prepared functional report, (R. 161–66). In sum, the ALJ explicitly articulated reasons for

discrediting the full extent of Fain's testimony regarding his subjective symptoms, and substantial evidence supports those reasons.

The court also disagrees with Fain's contention that his account of his daily activities in his self-prepared functional report should not be grounds for discrediting his testimony regarding his subjective symptoms because the Eleventh Circuit has held that "participation in everyday activities of short duration, such as housework or fishing, [does not] disqualif[y] a claimant from disability." Doc. 10 at 20 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)). Fain overlooks that the activities he described, such as weight-lifting, (R.161), mowing grass, (R. 163), assisting in his family's logging business,[5] (R. 35, 332), and, most importantly, caring for his infant son, (R. 38), are far more involved than the "everyday activities of short duration," contemplated by *Lewis*. Consequently, *Lewis* does not provide grounds for finding the ALJ erred in discrediting Fain's account of his subjective symptoms.[6]

---

[5] At his hearing before the ALJ, Fain testified that his involvement in his family's logging business was limited to "tak[ing] them drinks when they need it and stuff like that," (R. 35), and that while he used to drive heavy equipment in connection with the business, he had not done so in four or five year because of his back problems, (R. 36). However, at an appointment with Dr. Colvin two months prior to Fain's hearing before the ALJ, Dr. Colvin noted that Fain "continues to work driving some heavy equipment. He has been working in the woods as part of the family logging business." (R. 332).

[6] Building off of his argument that the ALJ improperly discredited his account of his subjective symptoms, Fain argues that the ALJ erred by failing to present a hypothetical encompassing those symptoms to the VE, and that consequently the VE's testimony, which the

E. The AC did not err by failing to articulate its evaluation of a new evidentiary submission.[7]

Fain contends that the AC erred by failing to articulate its evaluation of a new evidentiary submission from Dr. Colvin. Doc. 10 at 28. However, when, as here, the AC denies a request for review, it is not required "to provide a detailed discussion of a claimant's new evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014). Fain attempts to distinguish *Mitchell* by contending it is inapplicable to the present matter because not only did the AC fail to evaluate the new submission from Dr. Colvin, it failed to acknowledge it at all. Doc. 15 at 3 ("Fain prevails because there was no mention of the new evidence . . . in the Appeals Council denial of review."). Contrary to Fain's contention, however, the AC *did* mention the new submission from Dr. Colvin. *See* (R. 2) (emphasis added) ("In looking at your case, we considered the reasons you disagree with the decision *and the additional evidence listed on the enclosed*

---

ALJ relied upon in concluded that Fain was not disabled, is not supported by substantial evidence. Doc. 10 at 22–23. Because the ALJ properly discredited Fain's account of his subjective symptoms, he did not subsequently err by failing to present the VE with a hypothetical encompassing those symptoms.

[7] Fain argues that his claim is due to be remanded pursuant to sentence 4 of 42 U.S.C. § 205. Doc. 10 at 28. However, Fain offers no support for this bare contention. "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) (citing *Cont'l Tech Serv., Inc. v. Rockwell Int'l Corp*, 927 F.2d 1198, 1199 (11th Cir. 1991)).

*Order of Appeals Council.*"); (R. 5) (Order of Appeals Council listing February 6, 2013 letter from Dr. Colvin). Consequently, the AC did not err by either failing to articulate an evaluation of the new submission from Dr. Colvin or by ignoring it outright.

## VI. Conclusion

Based on the foregoing, the court concludes that in determining that Fain is not disabled, the ALJ applied incorrect legal standards. Therefore, the Commissioner's final decision is remanded for further proceedings consistent with this opinion. A separate order in accordance with the memorandum of decision will be entered.

Done this 23rd day of December, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE